IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

In re:                                  :
                                        :
WILLIAM ERIC MELENDEZ,                   :      Case No. 08-06925 (GAC)
                                        :
          Debtor                        :      Chapter 13
_____:
                                        :

<u>DECISION AND ORDER</u>

On June 4, 2009, the Court entered an order of dismissal based on the debtor's failure to obtain credit counseling and file the certificate with the Court (dkt. #80).  The debtor filed a *pro se* motion on June 5, 2009 to alter or amend the judgment (dkt. #82). The debtor's former counsel filed a reply (dkt. #83).  The trustee opposed the request for reconsideration (dkt. #86), the debtor filed a reply (dkt. #91) and the trustee filed a sur-reply (dkt. #92).

The debtor argues that his former counsel directed him to a post-filing debtor education course, as opposed to the required pre-bankruptcy counseling course and therefore, his failure to file the certificate was due to neglect of counsel.  While the case was filed on October 16, 2008, the debtor did not comply with the credit counseling requirement until June 5, 2009, well beyond the time established by the statute, which, in most cases, requires that credit counseling be obtained prior to the bankruptcy filing.

Debtor's former counsel indicates that he repeatedly insisted that the debtor obtain credit counseling and offered a computer

1

list of options through the internet to take such counseling. The Chapter 13 trustee likewise, opposes the debtor's request contending that the debtor does not satisfy the conditions for reconsideration of the order; namely establishing a manifest error of law or newly discovered evidence. Moreover, the trustee alleges that the debtor's petition was filed in bad faith. The debtor has only one creditor and lists no regular income. The debtor has not presented any evidence of income nor evidence of the filing of tax returns for the past four years. The trustee also notes that the debtor has opened a legal office in Puerto Rico, but failed to inform the trustee, the Court or parties in interest.

The debtor seeks to alter or amend the order of dismissal pursuant to Federal Rule of Bankruptcy Procedure 9023, which makes Federal Rule of Civil Procedure 59 applicable. This Rule states that "[a]ny motion to alter or amend a judgment must be filed no later than 10 days after entry of the judgment." Fed. R. Civ. P. 59(e). In seeking reconsideration under Federal Rule of Civil Procedure 59(e), "the moving party must 'either clearly establish a manifest error of law or must present newly discovered evidence.'" Marie v. Allied Home Mortgage Corp., 402 F.3d 1, 7 n. 2 (1st Cir. 2005)(*quoting* Pomerleau v. W. Springfield Pub. Sch., 362 F.3d 143, 146 n. 2 (1st Cir. 2004)). In Marie, the First Circuit also cited a leading treatise, noting four grounds for granting a motion for reconsideration under Federal Rule of Civil

Procedure 59(e).  These are "manifest errors of law or fact, newly discovered or previously unavailable evidence, manifest injustice, and an intervening change in controlling law."  <u>Marie v. Allied Home Mortgage Corp.</u>, 402 F.3d at 7 n. 2 (citing 11 C. Wright et al., *Federal Practice & Procedure* § 2810.1 (2d ed.1995)).

The debtor claims that his failure to take credit counseling within 180 days prior to the filing of the petition was due to his counsel's failure to inform him of the proper course.  The debtor also claims that obtaining credit counseling is not jurisdictional and that failure to obtain it does not warrant the dismissal of his petition.  The Court concludes that both of these issues were raised by the debtor prior to the Court's Order of Dismissal. Moreover, the Court concludes that the debtor has failed to demonstrate a manifest error of law or fact by merely reiterating arguments which the Court previously considered and rejected.  The Court will not rehash the arguments here.  It suffices to state that the debtor was given numerous opportunities to file the proper document and the case was previously dismissed for failure to comply with the credit counseling requirement. Accordingly, the debtor's motion for reconsideration will be denied.

ORDER

WHEREFORE IT IS ORDERED that the debtor's motion to reconsider (dkt. #82) the Order of Dismissal shall be, and it hereby is, DENIED.

SO ORDERED.

San Juan, Puerto Rico, this 10th day of August, 2009.

                                    BY THE COURT:

                                    s/ Gerardo A. Carlo
                                    _____
                                    GERARDO A. CARLO
                                    U.S. Bankruptcy Judge